1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7   JOSEPH T. TOY, et al.,                                  )
                                                           )        Case No. 2:11-cv-00984-PMP-PAL
8                                  Plaintiffs,             )
                                                           )        <u>ORDER AND REPORT OF FINDINGS</u>
9   vs.                                                     )        <u>AND RECOMMENDATION</u>
                                                           )
10  CLARK COUNTY, et al.,                                  )
                                                           )
11                                 Defendants.             )
   _____                )
12

13          Plaintiffs Joseph Toy and Doris Toy are proceeding in this action *pro se.*  Plaintiff Joseph Toy

14  filed an Application to Proceed *In Forma Pauperis* (Dkt. #1).  The undersigned reviewed the

15  Application and found that although it appeared Joseph Toy qualified to proceed *in forma pauperis*, the

16  court had no information concerning the co-Plaintiff, Doris Toy.  The court allowed Ms. Toy thirty days

17  to file an Application or for the Plaintiffs to pay the filing fee.  Plaintiff Doris Toy has not filed

18  complied or requested an extension of time or taken any other action to prosecute this case.  Plaintiff

19  Doris Toy was warned that failure to comply with the screening order would result in a

20  recommendation to the District Judge that this case be dismissed as to her.

21          With regard to Plaintiff Joseph Toy, the court has reviewed his Application to Proceed *In Forma*

22  *Pauperis* (Dkt. #1) which shows an inability to prepay fees and costs or give security for them.  Plaintiff

23  Joseph Toy's request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).

24  The court will now review Plaintiff's complaint.

25  **II.      Screening the Complaint**

26          Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

27  complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is

28  legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

Plaintiff's Complaint attempts to state a claim under 42 U.S.C. § 1983, alleging a violation of his right to due process under the Fourteenth Amendment.  To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

Initially, the court notes that many of the Defendants are not state actors, including Medwest Ambulance Company, Pair of Dice Trailer Park owner and employees, North Vista Hospital, or Sunrise Hospital, and Plaintiff cannot state a claim under 42 U.S.C. § 1983 against these Defendants.

1   Furthermore, Plaintiff has not made any factual allegations against Medwest Ambulance Company,

2   North Vista Hospital, or Sunrise Hospital.

3        Plaintiff's Complaint alleges that on or about June 14, 2009, North Las Vegas Police officers

4   took him and his mother, Doris Toy, away by ambulance to the North Vista Hospital and later

5   transferred him to the Rawson-Neal Psychiatric Hospital "for unknown reasons."  He states that he was

6   kept a prisoner in the psychiatric hospital between June 14, 2009, and August 4, 2009, for unknown

7   reasons and without due process of law.

8        Plaintiff also asserts that when police arrested him on June 14, 2009, Doris Toy's trailer was

9   searched without a warrant and the police stole "several items" after they would not permit him to close

10  and lock the trailer door before he was taken away.  Additionally, Plaintiff asserts the management of

11  the Pair of Dice Trailer Park entered the trailer while he and Ms. Toy were in the hospital.  He asserts

12  management put a lock on the trailer that damaged the doorway and prevented the trailer from being

13  removed from the trailer park.  Management also allowed two individuals into Ms. Toy's trailer without

14  her permission or Plaintiff's permission to steal things inside the trailer.  Plaintiff also states that he was

15  harassed "by the state of New Jersey and Camden County, Atlantic County, and Brigatine."

16       "Procedural due process provides 'a guarantee of fair procedure in connection with any

17  deprivation of life, liberty, or property' by the government.'"  *Denney v. Drug Enforcement Admin.*, 508

18  F.Supp.2d 815, 833 (E.D.Cal. 2007) (*citing Collins v. City of Harker Heights*, 503 U.S. 115 (1992)). In

19  order to state a claim for a violation of Plaintiff's due process rights, he must show that he has a

20  protected liberty interest under the Due Process Clause and that he was deprived of his liberty without

21  receiving the process that he was constitutionally due.  *See generally Hamdi v. Rumsfeld*, 542 U.S. 507,

22  530 (2004).  Here, Plaintiff has shown that he was deprived of his liberty between June 14, 2009, and

23  August 2, 2009, when he was involuntarily held at North Vista Hospital and Rawson-Neal Psychiatric

24  Hospital.  However, Plaintiff's claim fails because it appears, based on the paperwork he has attached to

25  his complaint, that he received due process.  Specifically, he has attached paperwork showing a hearing

26  was held concerning his involuntary commitment on June 24, 2009, in compliance with Nevada's

27  procedure for involuntary commitment.  Thus, Plaintiff's Complaint does not state a claim for a

28  violation of his due process rights.

1    Plaintiff may also be attempting to state a claim for violation of his Fourth Amendment rights

2   concerning the police officer's warrantless entry into the trailer. As a general matter, the Fourth

3   Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects,

4   against unreasonable search and seizure." U.S. Const. Amend. IV. The Supreme Court has held that

5   the "capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person

6   who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded

7   place." *Minnesota v. Olson*, 495 U.S. 91, 95 (1990) (*citing Katz v. United States*, 389 U.S. 347 (1967);

8   *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)). In order to have "standing" to contest the legality of a

9   search or seizure, a defendant must establish that he had a subjective expectation of privacy in the place

10  searched, an expectation society accepts as objectively reasonable. *Minnesota v. Carter*, 525 U.S. 83,

11  87-88 (1998) (*citing Rakas*, 439 U.S. at 143-44 & n.12). Here, Plaintiff alleges that the trailer belongs

12  to his mother, and he does not allege that he lives in the trailer or has any other expectation of privacy

13  there. Plaintiff has not stated a claim for violation of his Fourth Amendment rights.

14   With regard to Plaintiff's claims against the Pair of Dice Trailer Park owner and employees,

15  Plaintiff has not stated any federal claim. Any claim for theft or conversion arises under state law, and

16  without a federal claim, the court cannot exercise ancillary jurisdiction over the state law claims.

17   With regard to Plaintiff's claims against the State of Nevada, Clark County, Southern Nevada

18  Mental Health Services, Nevada District Court, the State of New Jersey, Atlantic County, and Camden

19  County, Plaintiff not alleged facts which set forth a cognizable claim.

20   Accordingly,

21   **IT IS ORDERED**:

22   1.   Plaintiff Joseph Toy's request to proceed *in forma pauperis* is GRANTED. He shall not

23       be required to pay the filing fee of three hundred fifty dollars ($350.00).

24   2.   Plaintiff is permitted to maintain this action to conclusion without the necessity of

25       prepayment of any additional fees or costs or the giving of a security therefor. This

26       Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of

27       subpoenas at government expense.

28   3.   The Clerk of the Court shall file the Complaint.

4

4.    The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have thirty days from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his* original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the dismissal of this case, without prejudice.

**IT IS RECOMMENDED** that the Complaint be DISMISSED as to Doris Toy for her failure to comply with the court's Order and failure to file an Application to Proceed *In Forma Pauperis*.

Dated this 26th day of September, 2011.


_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE


## **NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the

findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.